IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC HALL,

        Petitioner,                      No. CIV-05-0513 LKK KJM P

   vs.

CHERYL PLILER, et al.,

        Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Respondents have filed a motion to dismiss, arguing, among other things, that petitioner's claims are time-barred based on the applicable statute of limitations. Respondents rely on the Anti Terrorism and Effective Death Penalty Act (the "AEDPA"), which provides a one year limitations period. The limitations period begins to run from the latest of:

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

1

1  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The limitations period is tolled while an application for collateral review is pending in the state courts.  28 U.S.C. § 2244(d)(2).  Respondents apply the statute as follows:

> Hall alleges that he was improperly denied parole at his parole hearings between 1982 and 2000. (Pet. at 5-11.) Hall also alleges that between 1978 and 1980, the superior court refused to issue a correct abstract of judgment. (Pet. at 5-11.) Hall alleges that he concluded the state court review process for these claims on November 12, 2003. (Pet. at 5-11.) Hall filed his federal petition on March 16, 2005. Based on these allegations, after completing the state court review process, Hall waited 126 days beyond the limitations period before he filed his federal petition. Therefore, his claims are time-barred and should be dismissed.

Mot. at 2:3-9.

Petitioner challenges respondents' statute of limitations argument in only one respect.  He asserts that the limitations period was not running between November 12, 2003 and June 1, 2004 while petitioner was allowed to, and actually did, seek a writ of certiorari in the United States Supreme Court with respect to the California courts' post-conviction adjudication of the claims presented in this action. Opp'n at 18:1-19:17.  However, in White v. Klitzkie, 281 F.3d 920, 924 (9th Cir. 2002), the Ninth Circuit Court of Appeals held that the limitations period applicable in federal habeas actions is not tolled under 28 U.S.C. § 2244(d)(2) because a petition for writ of certiorari concerning the denial of a state petition for post-conviction relief could be

/////
/////
/////

2

filed or is actually pending. In White, the court said:

> The statute of limitations is tolled under § 2244(d)(2) only for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." A petition for a writ of certiorari to the United States Supreme Court is simply not an application for state review. (Citations omitted.)

281 F.3d at 924.

Based on a review of the record in this matter, the only basis to toll the applicable limitations period between November 12, 2003 and the date this action was filed, March 16, 2005, is found in the Ninth Circuit's decision in Bunney v. Mitchell, 262 F.3d 973 (9th Cir. 2001). There, the Ninth Circuit found that habeas petitioners are entitled to tolling of the limitations period for thirty days after the denial of a California Supreme Court application for post-conviction relief. Id. at 974. Given that petitioner in this case needs more than four months of tolling for the pending petition to have been timely filed, thirty additional days of tolling will not save this action from dismissal.

In light of this recommendation, the court need not reach the other arguments presented in respondents' motion to dismiss.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' February 27, 2006 motion to dismiss be granted; and

2. This case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

/////

/////

/////

3

1  shall be served and filed within ten days after service of the objections.  The parties are advised
2  that failure to file objections within the specified time may waive the right to appeal the District
3  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: August 11, 2006.

                                     UNITED STATES MAGISTRATE JUDGE

[1] hall0513.157(1)